21-2471-pr
*Davis v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-four.

PRESENT:

> EUNICE C. LEE,
> ALISON J. NATHAN,
> > *Circuit Judges*.
>
> JED S. RAKOFF,
> > *District Judge.*[*]

------------------------------------------------------------------

TOUSSAINT DAVIS,

> *Petitioner-Appellant,*

> v.                                                                No. 21-2471-pr

UNITED STATES OF AMERCA,

> *Respondent-Appellee.*

------------------------------------------------------------------

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Petitioner-Appellant:                    Randall D. Unger,
                                             Kew Gardens, NY.

For Respondent-Appellee:                     Thomas R. Sutcliffe, Steven D.
                                             Clymer, *for* Carla B. Freedman,
                                             United States Attorney for the
                                             Northern District of New York,
                                             Syracuse, NY.

Appeal from a September 29, 2021 judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**. Judge Rakoff concurs in the judgment and writes separately.

Toussaint Davis appeals from the district court's denial of his 28 U.S.C. § 2255 petition, which sought to vacate his conviction and life sentence pursuant to 18 U.S.C. § 924(j)(1) for murder as a result of the possession and discharge of a firearm in furtherance of a crime of violence.

Following a jury trial, Davis was convicted of (1) conspiracy to interfere with interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C § 1951(a); (2) interference with interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a) and 18 U.S.C. § 2; and (3) murder as a result of possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(j)(1).[1] Davis's § 2255 petition argued that there was no valid crime of violence predicate as required for his § 924(j)(1) conviction because conspiracy to commit Hobbs Act robbery is no longer a crime of violence following *United States v. Davis*,

---

[1] The district court sentenced Davis to concurrent terms of 240 months' imprisonment on the conspiracy and substantive robbery counts and life imprisonment on the murder count. This Court affirmed the conviction and sentence, *United States v. Ward*, 505 F. App'x 18, 26 (2d Cir. 2012) (summary order), and the Supreme Court denied certiorari, *Davis v. United States*, 569 U.S. 938 (2013).

139 S. Ct. 2319 (2019) (no relation to petitioner). And since the jury had been instructed that both conspiracy and substantive Hobbs Act robbery were crimes of violence and thus valid predicates for § 924(j)(1), Davis's § 2255 petition claimed that it was impossible to tell whether his § 924(j)(1) conviction rested on the invalid predicate of conspiracy to commit Hobbs Act robbery. In the alternative, Davis argued that the substantive Hobbs Act robbery was not an independent, valid predicate for § 924(j)(1) because the jury had been instructed as to *Pinkerton*[2] liability for that count. Therefore, applying *Davis*, he argued that a *Pinkerton* conviction cannot constitute a crime of violence because it does not require showing the use, attempted use, or threatened use of force. In response, the government argued, in part, that Davis's habeas petition was not timely because it had been filed over a year after the decision in *Davis* and that, in any event, the petition was procedurally barred because Davis had not raised these arguments on direct appeal.

The district court rejected the government's timeliness argument, assumed the motion was not procedurally barred, and denied Davis's petition on the merits. The court determined that Davis's petition was timely because, under the prison mailbox rule,[3] Davis had filed his petition within a year of the decision in *Davis*. Nor was Davis's argument procedurally barred,[4] assumed the district court, because the novelty of the *Davis* argument was cause for default. Nevertheless, in analyzing Davis's case on the merits, the district court did not find that there was any prejudice to Davis. Though the conspiracy count was no longer a valid predicate following *Davis*, the district court concluded that any error was harmless since "the jury had a separate and sound predicate crime of violence" in the substantive robbery charge. *Davis v. United States*, No. 09-CR-390

---

[2] *Pinkerton v. United States*, 328 U.S. 640 (1946).

[3] Under the prison mailbox rule, a notice of appeal is considered "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] To overcome a procedural bar, a petitioner must show (1) cause for not raising the issue on direct appeal and "prejudice resulting therefrom; or (2) actual innocence." *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005) (quoting *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998)).

(NAM), 2021 WL 8533103, at *5 (N.D.N.Y. Sept. 29, 2021). This was so because "[t]here is no reasonable interpretation of the facts under which the jury . . . would have found that a firearm was used in the conspiracy to commit [the] robbery but not in the robbery itself." *Id.* The district court, on two grounds, rejected Davis's alternative argument that the substantive robbery charge, even if an independent predicate, was invalid because it may have rested on *Pinkerton* liability: (1) "*Pinkerton* liability *does not* somehow transform a conviction for *substantive* [] robbery into one for [] robbery *conspiracy*;" and (2) "there was sufficient evidence for the jury to find Petitioner guilty of the Count 2 robbery charge even without using the *Pinkerton* theory of liability." *Id.* at *6 (alteration adopted) (internal citation and quotation marks omitted). The district court denied Davis's petition but issued a certificate of appealability as to the *Pinkerton* question. *Id.*

On appeal, Davis renews the arguments made below. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the district court's denial of the petition.

*         *         *

Because the certificate of appealability was limited to the *Pinkerton* question, our review is cabined to Davis's argument that the substantive robbery count is an invalid predicate because it may have rested on a *Pinkerton* theory of liability. *See Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000) ("We will not address a claim not included in the certificate of appealability."). We review this question of law *de novo*, *see Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000), and conclude that Davis's substantive robbery conviction is a valid predicate as a crime of violence even if premised on a *Pinkerton* theory of liability.[5]

Davis argues that his substantive robbery conviction is not a valid predicate for his § 924(j)

---

[5] The government argues that the district court erred in holding that there was cause for Davis's procedural default. Because Davis's argument fails on the merits, we assume without holding that his claim is not procedurally barred.

4

conviction because the jury was instructed on a *Pinkerton* theory of liability, and under a *Pinkerton* theory, "criminal intent to commit the substantive crime 'is established by the formation of the conspiracy.'" Appellant's Br. at 16 (quoting *Pinkerton*, 328 U.S. at 647). Thus, according to Davis, under *Pinkerton*, "it is not necessary to prove that the defendant intended to use or intended that someone else use force against the victim," as required by *Davis*. *Id.* at 15.

Davis's argument fails because, as a matter of law, defendants convicted under *Pinkerton* are held liable for the *substantive* offense of their co-conspirator. *See United States v. Coplan*, 703 F.3d 46, 71 (2d Cir. 2012) ("*Pinkerton* is not a broad principle of vicarious liability . . . . Instead, *Pinkerton* provides that a defendant who does not directly commit a substantive offense may nevertheless be liable . . . .") (internal quotation marks and citation omitted). The substantive offense here—Hobbs Act robbery—is a valid predicate, *i.e.*, a crime of violence. *See United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018).

Our analysis here is controlled by this Court's post-*Davis* decision in *Gomez v. United States*, 87 F.4th 100 (2d Cir. 2023). In *Gomez*, this Court observed that "every circuit to address the issue has held that *Pinkerton* liability for a crime of violence can support a § 924(c) conviction," and went on to hold the same.[6] *Id*. at 109–10. *Gomez* held that "[e]ven if the jury found [the defendant] guilty of [a crime of violence] based on a *Pinkerton* theory, [the defendant's] § 924(c) conviction would remain valid because the acts of his co-conspirators are imputed to him**.**" *Id*. at 110.

To convict Davis of substantive Hobbs Act robbery under a *Pinkerton* theory, the jury must have found (1) that Davis's co-conspirators committed substantive Hobbs Act robbery, an element

---

[6] To be convicted under § 924(j), a person must, "in the course of a violation of subsection (c), cause[] the death of a person through the use of a firearm." 18 U.S.C. § 924(j). Thus, the analysis regarding the predicate crime of violence is the same under § 924(j) and § 924(c).

of which is the use of force, *Hill*, 890 F.3d at 60, and (2) that the commission of that offense was reasonably foreseeable to Davis, *United States v. Romero*, 897 F.2d 47, 51 (2d Cir. 1990). Having found both, the jury could find Davis guilty of *substantive* Hobbs Act robbery, which contains the necessary use of force element and is a crime of violence. *Hill*, 890 F.3d at 60. Thus, even if the jury convicted on a *Pinkerton* theory, it convicted Davis of substantive Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery, and substantive Hobbs Act robbery is a valid predicate for the § 924(j) conviction.

*       *       *

For the above reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6

RAKOFF, D.J., concurring:

*Pinkerton v. United States*, 328 U.S. 640 (1946), which erroneously applies civil agency rules to criminal cases and thereby hugely increases the individual exposure to severe sentences of even minor conspiracy participants, was in my view wrongly decided from the outset. *See id.* at 651 (Rutledge, J., dissenting in part) ("Whether or not his commitment to the penitentiary had that effect, the result is a vicarious criminal responsibility as broad as, or broader than, the vicarious civil liability of a partner for acts done by a co-partner in the course of the firm's business. Such analogies from private commercial law and the law of torts are dangerous, in my judgment, for transfer to the criminal field."). To this day, *Pinkerton* continues to wreak havoc on the most fundamental principle of criminal law: that a defendant should only be punished for what he actually intended. *See, e.g.*, *Morissette v. United States*, 342 U.S. 246, 250 (1952). Nevertheless, recognizing that *Pinkerton* is well-established law, I join in the summary order.