08-4610-cr
USA v. Savoca

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2008

(Argued: July 16, 2009                                    Decided: February 25, 2010)

Docket No. 08-4610-cr

UNITED STATES OF AMERICA,

   *Appellee,*

   v.

LAWRENCE SAVOCA,

   *Defendant,*

SALVATORE SAVOCA,

   *Defendant-Appellant.*

Before SACK and PARKER, *Circuit Judges* and GOLDBERG, *Judge.**

_____

  Defendant Salvatore Savoca appeals from a September 9, 2008 amended judgment entered

in the United States District Court for the Southern District of New York (Stephen C. Robinson,

*Judge*). Savoca challenges the procedural and substantive reasonableness of his sentence. He also

insists that he was entitled to a new sentencing hearing upon the vacatur of his original sentence.

We conclude that the sentence imposed by the District Court was procedurally correct and

substantively reasonable, and that a complete resentencing was not required in this case.

  Affirmed.

_____

*The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

THEODORE S. GREEN, Green & Willstatter, New York, New York, *for Defendant-Appellant*.

ELLIOTT B. JACOBSON, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, Of Counsel, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.

RICHARD W. GOLDBERG, *Judge*:

Salvatore Savoca appeals from an amended judgment of conviction entered on September 9, 2008 in the United States District Court for the Southern District of New York by District Judge Stephen C. Robinson.

On April 22, 2004, Savoca pled guilty before Magistrate Judge George A. Yanthis to attempted robbery, in violation of 18 U.S.C. § 1951(a), and to carrying and discharging a firearm during the commission of a crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The District Court accepted his plea on the recommendation of the Magistrate Judge. Savoca was sentenced to a total of 190 months imprisonment, consisting of 70 months for attempted robbery and a statutorily mandatory consecutive term of 120 months for discharging a firearm during the crime.

After sentencing, Savoca filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged that his appellate counsel was ineffective by failing to file a timely notice of appeal. Following the recommendation of Magistrate Judge Lisa Margaret Smith, the District Court granted the motion. The District Court vacated Savoca's sentence, entered an amended judgment of conviction to permit a timely appeal to be filed, and resentenced him to the same sentence that had originally been imposed.

Savoca appeals his sentence arguing that (1) it is procedurally unreasonable because in applying an enhancement for obstruction of justice, the District Court impermissibly took into account his testimony at his co-defendant's trial after pleading guilty, but prior to his sentencing; and because he should have received credit for acceptance of responsibility; (2) his sentence is substantively unreasonable; and (3) the District Court should have conducted a complete resentencing hearing after vacating the original sentence. We conclude, *inter alia*, that the District Court permissibly considered Savoca's testimony at his co-defendant's trial in determining his sentence. Thus, for the reasons stated in this opinion, we find that Savoca's sentence was both procedurally and substantively reasonable, and that a new sentencing hearing was not required. We, therefore, affirm his sentence as imposed by the District Court.

## BACKGROUND

Salvatore Savoca and his brother, Lawrence, were indicted on several counts relating to the attempted armed robbery and shooting of Michael Geary. Count One charged the co-defendants with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Count Two charged the co-defendants with attempted robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. Count Three charged the co-defendants with using, carrying, and discharging a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. Count Four charged Lawrence Savoca with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On June 21, 2001, Salvatore Savoca and his brother, Lawrence, specifically targeted Michael Geary for robbery believing that he would be carrying home cash from the tavern that he owned. Lawrence Savoca left Salvatore Savoca at Geary's home and drove his vehicle a few blocks away to await his return. When Geary arrived home, Salvatore Savoca attempted to rob him outside of his

3

house.  When Geary resisted, Salvatore Savoca shot him in the thigh and fled from the scene.

Pursuant to a plea agreement, Salvatore Savoca pled guilty to Counts Two and Three of the indictment on April 22, 2004.  The plea agreement included a three-level reduction in offense level for acceptance of responsibility, which yielded a United States Sentencing Guidelines ("the Guidelines") range of 157 to 166 months imprisonment, of which 120 months was a mandatory consecutive term of imprisonment under 18 U.S.C. § 924(c).

Lawrence Savoca opted to proceed to trial.  Salvatore Savoca testified at his brother's trial, which took place after Salvatore Savoca's guilty plea.  Salvatore Savoca attempted to discharge his brother of any responsibility by claiming that a bookmaker named "Joey," and not Lawrence Savoca, had aided him in the commission of the crime.  This testimony may have been related to a Government investigation into a gambler named "Joe Lafaglia," who was eventually found to have been in Las Vegas, Nevada at the time of the attempted robbery and shooting.  At trial, Lawrence Savoca was convicted of all charges against him.

On February 4, 2005, after the conclusion of Lawrence Savoca's trial, Salvatore Savoca was sentenced.  At the sentencing hearing, the District Court concluded that the jury, in refusing to believe Salvatore Savoca's testimony, found that he had committed perjury.  Judge Robinson also stated that he believed that Salvatore Savoca had committed perjury.  Accordingly, Judge Robinson denied Salvatore Savoca any reduction in offense level for acceptance of responsibility and imposed a two-level enhancement for obstruction of justice.  Under the adjusted offense level, Salvatore Savoca faced a Guidelines range of 183 to 198 months imprisonment.  He was ultimately sentenced to 190 months of imprisonment.  In so doing, the District Court noted that it would have imposed the same "reasonable sentence" under 18 U.S.C. § 3553(a), even had the advisory Guidelines yielded a lesser range of imprisonment.

4

Salvatore Savoca, on January 13, 2006, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his appellate counsel had been ineffective in failing to file a timely notice of appeal after he requested him to do so. Following a hearing held by Magistrate Judge Smith, the District Court adopted the Magistrate Judge's report and recommendation. In an order issued on June 4, 2008, the District Court granted Savoca's motion, vacated the sentence, and stated that a resentencing hearing would be scheduled. At the hearing on September 9, 2008, both parties agreed that the District Court had two options: 1) enter an amended judgment from which a notice of appeal could be taken, or 2) exercise discretion and determine a new appropriate sentence for Savoca. The District Court decided that the Defendant should not reap an unforeseen benefit from his ineffective counsel, nor had any relevant change in the law occurred, and concluded that no new sentencing should be conducted. The Court went on to state that, given the seriousness of the offense, and considering Savoca's record of arrests and convictions, his testimony at his brother's trial, his admitted drug and gambling problems, and allegations that he had physically abused a live-in girlfriend, there was no reason to revise the original sentence. The District Court decided to enter an amended judgment with the same sentence that had been originally imposed. A notice of appeal from the amended judgment was timely filed on September 11, 2008.

## DISCUSSION

Savoca bases his appeal on three grounds. He first claims that his testimony at Lawrence Savoca's trial was impermissibly factored into his sentence calculation, and that he should have been given credit for accepting responsibility. The Sentencing Guidelines range, according to Savoca's argument, was incorrectly calculated, and his sentence is, therefore, procedurally unreasonable. Secondly, Savoca claims that his sentence is also substantively unreasonable. Finally, he argues that

5

because the District Court vacated his sentence and ordered a resentencing hearing, a complete resentencing should have been conducted, instead of merely the issuance of an amended judgment with the original sentence reimposed.

**I. Savoca's Sentence is Procedurally Reasonable**

Procedural error by the District Court includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

A. The District Court properly took Savoca's perjured testimony into account for sentencing purposes

In reviewing an enhancement for obstruction of justice, this Court upholds the District Court's findings of fact unless they are clearly erroneous. 18 U.S.C. § 3742(e) (2006); *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998). A legal interpretation that the facts constituted an obstruction of justice is reviewed *de novo*. Id.

Under U.S. Sentencing Guidelines Manual § 3C1.1, an enhancement for obstruction of justice may be imposed if the obstructive conduct occurred during the "investigation, prosecution, or sentencing of the instant offense of conviction." Here, Savoca states that the counts to which he pled guilty, attempted robbery and weapon possession, did not involve a conspiracy, nor did they require at least two actors. Therefore, according to Savoca, his testimony at Lawrence Savoca's trial, did not constitute the prosecution of his own "instant offense of conviction," and thus, cannot qualify for an obstruction of justice enhancement.

However, Savoca's argument fails to acknowledge the amendment to the Sentencing

6

Guidelines and Commentary effective November 1998, which clarified that an obstruction of justice enhancement applies to conduct that occurred with respect to "an otherwise closely related case, such as that of a co-defendant." U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n. 1 (1998). The Commentary in the Guidelines Manual is considered authoritative unless it "violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). An obstruction of justice enhancement specifically applies to "committing . . . perjury." U.S. Sentencing Guidelines § 3C1.1 cmt. n. 4(b).

Here, it is undisputed that Savoca and his brother were co-defendants who were indicted together. *Cf. United States v. Brown*, 321 F.3d 347, 353 (2d Cir. 2003) (declining to apply a two-level enhancement for obstruction of justice where the District Court made no specific findings that Brown was a defendant or potential defendant in another case or that it was an "otherwise closely related case"). The offenses to which Savoca pled guilty and for which his brother was convicted were joint in nature, and were charged accordingly.[1] The required "close relationship" between Salvatore Savoca's and Lawrence Savoca's cases is necessarily satisfied.

As to Savoca's obstructive conduct, an obstruction enhancement based on perjury must be supported by a finding that "the defendant's statements unambiguously demonstrate an intent to obstruct." *United States v. Kelly*, 147 F.3d 172, 178 (2d Cir. 1998). The district court must determine by clear and convincing evidence that the defendant provided "false testimony concerning a material matter with the willful intent to provide false testimony." *Id.* (quoting *United States v. Walsh*, 119 F.3d 115, 121 (2d Cir. 1997).)

---

[1]Count Two of the Indictment charged that "...Lawrence Savoca and Salvatore Savoca, the defendants, attempted to commit robbery...." Count Three charged that "...Lawrence Savoca and Salvatore Savoca, the defendants, during and in relation to a crime of violence...used and carried a firearm...."

7

While testifying at his co-defendant's trial, Savoca lied as to the identity of the other actor in the crime, stating that it was another individual, and not Lawrence Savoca, who assisted him. At Savoca's sentencing, the District Court determined that such testimony constituted perjury. The District Court explained that, had Savoca been found credible by the jury, then Lawrence Savoca could not have been convicted because he would not have been identified as participating in the crime. This finding of fact by the District Court was not clearly erroneous.

Therefore, the subsequent application of an obstruction of justice enhancement was appropriate given the co-defendant relationship between Salvatore Savoca and Lawrence Savoca, the joint nature of the offenses, and Savoca's commission of perjury during his testimony at Lawrence Savoca's trial. Further, since Savoca had not yet been sentenced when he committed the perjury in question, it "occurred during the course of the investigation, prosecution, or sentencing" of the "instant offense of conviction," as defined in U.S. Sentencing Guidelines § 3C1.1.

B. The District Court properly denied Savoca credit for acceptance of responsibility

Savoca also contends that he should not have been denied a Sentencing Guidelines reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines § 3E1.1. This contention is primarily based on his argument that the obstruction of justice enhancement was not warranted.

Under § 3E1.1, sentencing judges may reduce a defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense." Merely pleading guilty to an offense does not ensure the application of the reduction. *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994). Except in extraordinary cases, the application of an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility to warrant a reduction in his guidelines calculation. U.S. Sentencing Guidelines § 3E1.1 cmt. n. 4. Because the "sentencing judge

8

is in a unique position to evaluate a defendant's acceptance of responsibility," his determination is given great deference on review. *Id.* at cmt. n. 5. Here, the District Court was acting within its discretion in denying the reduction based upon its determination that Savoca committed perjury prior to being sentenced. To determine that Savoca accepted responsibility, but perjured himself as to significant elements of the offense is incongruous. This argument is without merit.

## II. Savoca's Sentence is Substantively Reasonable

The court shall "impose a sentence sufficient, but not greater than necessary" to "reflect the seriousness of the offense . . . ; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A sentence is reviewed for its reasonableness, and this Court asks whether the sentencing judge "exceeded the bounds of allowable discretion[,] committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (alterations in original). Savoca argues that the sentence of 190 months was more than necessary to account for the stated factors, and, given his difficult personal history, it is substantively unreasonable.

However, "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc). Here, the sentencing judge imposed a sentence within the properly calculated guideline range, which is typically considered to be "within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez*, 443 F.3d at 27. Afterward, the judge indicated that he imposed a sentence that he considered reasonable, and stated that even "if the guideline range turned out to be lower I would have given the same sentence that I did today."

The judge stated that the facts of this crime were "particularly egregious" given that Savoca "chose to rob, shoot and then literally left on the driveway to die a friend." Since the judge clearly appreciated the factors set forth in 18 U.S.C. § 3553(a), we conclude that Savoca's sentence was substantively reasonable. Savoca's argument fails.

**III. A Complete Resentencing was not Necessary**

Savoca filed a post-sentencing petition pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel due to his counsel's failure to timely file an appeal. Upon granting his petition, the District Court vacated the original sentence and scheduled the matter for resentencing. At the resentencing hearing, both parties agreed that the District Court had two options: to enter a new judgment imposing the same sentence in open court with defense counsel present, or resentence Savoca, if the District Court discerned any useful purpose in further considering the sentence. *See Garcia v. United States*, 278 F.3d 134, 138 (2d Cir. 2002). Savoca's counsel argued that the District Court should conduct a complete resentencing and consider his good behavior while in prison, and the impact of his sentence on his family. The District Court instead exercised the first option and entered a new judgment with the original sentence, explaining that there had been no changes in the law that would require the Court to rethink the original sentence.

On appeal, Savoca argues that because the District Court vacated the original sentence prior to the resentencing hearing and directed a resentence, the Court had already elected to conduct a complete resentencing proceeding pursuant to Federal Rules of Criminal Procedure 32. According to Savoca, the Court procedurally could not proceed to simply enter a new judgment at the hearing because the June 4, 2008 order stated that "a re-sentencing will be scheduled." Savoca argues that this indicates the decision of the Court to completely resentence him. He points to the fact that the Court chose to have him present for the proceeding and solicited arguments from counsel as

evidence that a complete resentencing should have occurred. *See McHale v. United States*, 175 F.3d 115, 119 n.4 (2d Cir. 1999) ("Courts remanding for entry of a new judgment appear to regard it as a ministerial act, not a formal resentencing that might require the presence of the defendant."). As a remedy, Savoca requests that the matter be remanded for resentencing.

Savoca provides virtually no support for this argument. Upon granting his petition and vacating the sentence, the District Court had discretion in determining whether any useful purpose would be served in reconsidering the sentence. *See Garcia*, 278 F.3d at 138. Here, the District Court stated that there had been no change in law that would impact the sentencing, nor did it believe that Savoca should receive a windfall from his ineffective assistance of counsel. The District Court also reiterated some of the reasons for the prior sentence it imposed. The District Court was under no obligation to conduct a complete resentencing, and it did not abuse its discretion in refusing to conduct one. It properly exercised its option to enter a new judgment with the same sentence. This argument is without merit.

## CONCLUSION

For the foregoing reasons, we conclude that Savoca's sentence is procedurally and substantively reasonable. We also conclude that a complete resentencing is conducted at the discretion of the District Court, and the Court did not abuse its discretion in simply resentencing Savoca to the original sentence. Accordingly, the September 9, 2008 amended judgment issued by the District Court is AFFIRMED.

11