09-1478-cr
United States v. Tapia-Holguin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges*.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

v.                                              No. 09-1478-cr

EDUARDO TAPIA-HOLGUIN,
                    *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     AVROM ROBIN, New York, New York.

APPEARING FOR APPELLEE:      HARRIS MICHAEL FISCHMAN, Assistant United States Attorney (Katherine Polk Failla, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

------------

*Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 3, 2009, is AFFIRMED.

Defendant Eduardo Tapia-Holguin was convicted, following a guilty plea, of conspiracy to distribute one kilogram or more of heroin and five kilograms or more of cocaine and possession with intent to distribute one kilogram or more of heroin. See 21 U.S.C. §§ 841(b)(1)(A), 846. Tapia-Holguin now challenges the reasonableness of his 168-month prison sentence, charging procedural and substantive error. We review the reasonableness of a challenged sentence for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc), applying de novo review to questions of law, including Guidelines interpretation, and clear-error review to questions of fact, including those that inform Guidelines application, see United States v. Legros, 529 F.3d 470, 473-74 (2d Cir. 2008). We will identify substantive unreasonableness only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" United States v. Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)); see also United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1. <u>Procedural Challenge to the Application of U.S.S.G. § 3E1.1</u>

U.S.S.G. § 3E1.1(a) affords a two-point reduction in the Guidelines offense level when a defendant "clearly demonstrates acceptance of responsibility for his offense." When the defendant's offense level is greater than 16, an additional one-point reduction is available under § 3E1.1(b) if the government represents, <u>inter alia</u>, that the defendant "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b). Tapia-Holguin asserts procedural error in the district court's failure to award him a § 3E1.1(b) reduction. We are not persuaded.

Tapia-Holguin violated the terms of his bail release by fleeing the United States, conduct constituting obstruction of justice for which the district court correctly applied a two-level Guidelines enhancement under U.S.S.G. § 3C1.1. <u>See</u> <u>United States v. Loeb</u>, 45 F.3d 719, 722 (2d Cir. 1995). A § 3C1.1 enhancement "ordinarily indicates that the defendant has <u>not</u> accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, cmt. n. 4 (emphasis added). The application of both an obstruction enhancement and an acceptance of responsibility reduction is warranted only in "extraordinary cases." <u>Id.</u>; <u>see also</u> <u>United States v. Savoca</u>, 596 F.3d 154, 159 (2d Cir. 2010) (discussing interaction between acceptance and obstruction Guidelines). Here, the district court expressly rejected Tapia-Holguin's claim that his was an extraordinary case. Discrediting Tapia-Holguin's after-the-fact assertion that his flight was prompted by threats to his life, the court found that he fled

3

simply to avoid remand to custody. See Sentencing Tr. at 8. In these circumstances, Tapia-Holguin was not entitled to a two-point reduction under § 3E1.1(a), and, therefore, was not entitled to a further one-point reduction under § 3E1.1(b).

Having so concluded, we need not here consider whether, in an extraordinary case where a defendant (a) receives both a § 3C1.1 enhancement and a § 3E1.1(a) reduction, and (b) timely notifies the government of his intent to plead guilty, the defendant may be denied a further one-point reduction under § 3E1.1(b) based on obstruction.[1] Nor need we consider whether the award of a two-point reduction in this case warrants vacatur and remand, see generally United States v. Salim, 549 F.3d 67, 72 (2d Cir. 2008) (observing that procedural error in Guidelines calculation generally warrants remand and resentencing), because the government does not object to the reduction, see United States v. Jackson, 346 F.3d 22, 24 (2d Cir. 2003) (discussing waiver), and, in any event, Tapia-Holguin certainly is not harmed by it, see United States v. Williams, 524 F.3d 209, 214 (2d Cir. 2008) (recognizing that procedural error at sentencing can be reviewed for harmlessness).

Accordingly, we address the only procedural error asserted on appeal – the district court's denial of an additional one-point reduction for acceptance of responsibility under § 3E1.1(b) – and we reject Tapia-Holguin's argument as without merit.

2.      Substantive Reasonableness

---

[1] However that question might be answered, district courts enjoy discretion to impose non-Guidelines sentences as warranted by their assessment of the factors specified in 18 U.S.C. § 3553(a). See United States v. Cavera, 550 F.3d at 188-89.

Tapia-Holguin submits that his sentence is substantively unreasonable because it is disproportionate to the 36-month sentence imposed on co-defendant Marley Estrada and greater than necessary to carry out the sentencing goals listed in 18 U.S.C. § 3553(a). Both arguments lack merit.

The primary concern of 18 U.S.C. § 3553(a)(6) is nationwide sentencing disparity among similarly situated defendants – not disparities between co-defendants. See United States v. Frias, 521 F.3d 229, 236 (2d Cir. 2008). In any event, Tapia-Holguin and his co-defendants were not similarly situated in several key respects; notably, defendant absconded while his co-defendants did not. See United States v. Fernandez, 443 F.3d 19, 28 (2d Cir. 2006) (holding that "disparity between non-similarly situated co-defendants is not a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)" (emphasis in original)).

As for defendant's parsimony clause challenge, both the Supreme Court and this court have ruled that Guidelines sentences will rarely run afoul of this provision. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Fernandez, 443 F.3d at 27; accord United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008). Here, the district court imposed a sentence 20 months below the Guidelines range after carefully considering the sentencing factors listed in 18 U.S.C. § 3553(a), including the seriousness of the crimes of conviction and defendant's flight from the jurisdiction along with defendant's consent to extradition and his personal circumstances. On this record, we cannot conclude that the sentence fell outside the broad range of permissible decisions. See United States v. Jones, 531 F.3d at 174.

5

3.    Conclusion

We have considered defendant's remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court