14-2409-cr
United States v. Francis

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
          PETER W. HALL,
          GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                    14-2409-cr

BLAKE FRANCIS,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              JAY S. OVSIOVITCH (Robert G.
                            Smith, on the brief), Federal
                            Public Defender's Office for the
                            Western District of New York,
                            Rochester, New York.

FOR APPELLEE:               STEPHAN J. BACZYNSKI, for
                            William J. Hochul, Jr., United

1

States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Blake Francis appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.), sentencing him to a 156-month term of imprisonment for conspiring to distribute narcotics. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In May 2008, a grand jury charged Francis with one count of conspiring to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and one count of firearms possession in furtherance of the marijuana conspiracy, in violation of 18 U.S.C. § 924(c)(1), as well as forfeiture counts. Pursuant to a plea agreement, Francis pleaded guilty to the conspiracy count only,[1] and sentencing was scheduled for February 2010.

Francis was permitted to remain at liberty pending sentencing, and absconded. A bench warrant was issued, and Francis was captured in 2014 following a high-speed chase. At sentencing, Francis argued that, notwithstanding his willful flight and attempt to elude capture, he was entitled to a two-level reduction for acceptance of responsibility under § 3E1.1 of the U.S. Sentencing Guidelines ("Guidelines"), based solely on his guilty plea. See U.S.S.G. § 3E1.1. He conceded, however, that the district court could properly apply a two-level enhancement for obstruction of justice in light of his flight. See id. § 3C1.1.

---

[1] The agreement further required Francis to admit that the firearms he possessed in furtherance of the conspiracy were subject to forfeiture.

The district court applied the enhancement for obstruction of justice, but without the reduction for acceptance of responsibility, reasoning that the latter was inapplicable in light of the former. See U.S.S.G. § 3E1.1 app. note 4. The court calculated the advisory Guidelines range to be 188 to 235 months, and imposed a sentence of 156 months.

On appeal, Francis argues that the court's Guidelines calculation was erroneous and that the below-Guidelines sentence was substantively unreasonable. We review sentences for "both procedural error and substantive reasonableness." United States v. Tutty, 612 F.3d 128, 130 (2d Cir. 2010). Procedural error encompasses, among other things, "failing to calculate (or improperly calculating) the Guidelines range," and a sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." Id. at 131 (internal quotation marks omitted).

The district court did not commit procedural error by declining to apply the adjustment for acceptance of responsibility under § 3E1.1. As the court observed, that adjustment is generally unavailable when a defendant has engaged in conduct resulting in a § 3C1.1 enhancement for obstruction of justice. See U.S.S.G. § 3E1.1 app. note 4; United States v. Loeb, 45 F.3d 719, 722 (2d Cir. 1995). While the Guidelines leave open the possibility of "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply," U.S.S.G. § 3E1.1 app. note 4, Francis has identified no such extraordinary circumstances here. The fact of pleading guilty is not an extraordinary circumstance. See United States v. Savoca, 596 F.3d 154, 159 (2d Cir. 2010). Moreover, it is "well-established that by willfully failing to appear for sentencing, a defendant fails to accept responsibility for the offense." Loeb, 45 F.3d at 722. We also find no merit in the argument that the below-Guidelines sentence imposed in this case was substantively unreasonable.

For the foregoing reasons, and finding no merit in Francis's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK