18-1022-cr (L)
*United States of America v. Mazzara (Kerrigan)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September two thousand nineteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

           v.                          18-1022-cr (L), 18-1365-cr (Con)

CHRISTOPHER KERRIGAN,
CHARLES KERRIGAN, AKA DUKE,
                    *Defendants-Appellants.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*    The Clerk of the Court is directed to amend the caption to conform to the above.

FOR APPELLEE:                      Benet J. Kearney, Assistant United States
                                   Attorney (David W. Denton, Jr., Won S. Shin,
                                   Assistant United States Attorneys, *on the brief*),
                                   *for* Geoffrey S. Berman, United States Attorney
                                   for the Southern District of New York, New
                                   York, New York.

FOR DEFENDANT-APPELLANT            Georgia J. Hinde, Law Office of Georgia J.
CHRISTOPHER KERRIGAN:              Hinde, New York, New York.

FOR DEFENDANT-APPELLANT            Matthew Galluzzo, Galluzzo &
CHARLES KERRIGAN:                  Arnone LLP, New York, New York.

Appeal from the United States District Court for the Southern District of

New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED.**

Defendants-appellants Christopher Kerrigan ("Christopher") and Charles

Kerrigan ("Charles") appeal from judgments entered April 2, 2018 and April 30, 2018,

respectively, convicting them, following their guilty pleas, of bank burglary and related

crimes.  In April 2016, Christopher and Charles burglarized the HSBC bank branch in

Brooklyn, New York.  In May 2016, they burglarized the Maspeth Federal Savings Bank

branch in Queens, New York.  We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal.

Christopher pleaded guilty to conspiracy to commit bank burglary and

bank theft, bank burglary, and bank theft, in violation of 18 U.S.C. §§ 371 and 2113(a)

and (b).  Christopher was sentenced principally to ninety months' imprisonment followed by three years' supervised release.

Charles pleaded guilty to conspiracy to commit bank burglary and bank theft, bank burglary, bank theft, and retaliation against a witness while on pre-trial release in violation of 18 U.S.C. §§ 371, 2113(a) and (b), and 1513(b)(2).  Charles was sentenced principally to two-hundred months' imprisonment followed by three years' supervised release.

On appeal, Christopher raises two procedural challenges to his sentence: the district court's denial of downward adjustments for acceptance of responsibility and for mitigating role.  Charles raises both procedural and substantive challenges to his sentence.  Procedurally, Charles challenges the district court's (1) denial of an adjustment for acceptance of responsibility, (2) grouping analysis, and (3) granting of an upward departure for physical injury under § 5K2.2.[1]  Substantively, Charles challenges the reasonableness of his sentence as disparate compared to the sentences of his co-defendants.

---

[1]    Charles contests the district court's denial of an adjustment for acceptance of responsibility and its application of § 5K.2.2 as challenges to the substantive reasonableness of his sentence.  Challenges to Guidelines calculations, however, are evaluated for procedural error.  *See United States v. Norman*, 776 F.3d 67, 76 (2d Cir. 2015).

I. **Christopher**

A. **Acceptance of Responsibility**

The district court did not abuse its discretion in denying Christopher a downward adjustment for acceptance of responsibility. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (reviewing procedural error in sentencing under deferential abuse of discretion standard). The district court concluded Christopher had not made a "clear demonstration of acceptance of responsibility" as he persisted in maintaining that he lacked knowledge of the location of the stolen items and "minimiz[ing]" his role in the burglary. Christopher App'x at 152-55; *see also* U.S.S.G § 3E1.1 & cmt. n.1(E), 3 (providing that "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense" may be considered in assessing acceptance of responsibility). The conclusion was reasonable, as the record showed, for example, that some of the stolen property was recovered from the residences of Christopher's family members and associates and that Christopher received some of the stolen property himself. Hence, Christopher likely knew where the property went and yet he refused to assist in its recovery.

B. **Mitigating Role**

The district court properly denied Christopher a mitigating role adjustment as it found that Christopher was not "substantially less culpable than the average participant" in the burglary. U.S.S.G. § 3B1.2 cmt. n.3(A). While the district

court determined that Christopher did not have decision-making authority, exercised little discretion, and was not a planner or organizer in a large organizational sense, it found that he participated in staging the burglary and organizing the getaway vehicle, he was on a walkie-talkie and acted as a lookout and getaway driver, he benefitted from the criminal activity, and he understood the scope and structure of the criminal activity. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (noting that a mitigating role adjustment depends on the totality of the circumstances and outlining factors to be considered by the district court); *United States v. Pitre*, 960 F.2d 1112, 1126-27 (2d Cir. 1992) (affirming the denial of role reduction for a lookout who was aware of the extent of the illegal transaction). There was support in the record for these findings, and therefore the district court did not abuse its discretion in denying a mitigating role adjustment.

## II.    Charles

### A.    Acceptance of Responsibility

The district court's denial of a downward adjustment for acceptance of responsibility for Charles is well supported by the record. Not only did Charles fail to assist with the recovery of stolen goods, but he physically retaliated against his girlfriend and threatened to kill her son after she cooperated with the Government and provided information regarding the burglaries. *See* U.S.S.G. § 3C1.1; *United States v. Savoca*, 596 F.3d 154, 159 (2d Cir. 2010) (noting that obstruction of justice usually indicates that defendant has not accepted responsibility). Therefore, his argument fails.

**B.      Grouping**

Charles did not object to the district court's grouping analysis, and therefore we review for plain error. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) (reviewing for plain error procedural challenge to a sentence not raised before district court). The district court did not err when grouping the multiple counts pursuant to § 3D1.2 prior to applying a three-level enhancement pursuant to § 3C1.1. Because Charles was convicted on more than one count, the district court first grouped together the counts related to the HSBC and Maspeth burglaries into two separate groups, while also including the charge of witness retaliation in each of the burglary groups, pursuant to § 3D1.2(a). *See* U.S.S.G. § 3C1.1 cmt. n.8 (providing that "the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2" and the offense level will be increased by two). Second, the district court applied to both groups enhancements for obstruction of justice based on witness retaliation. *See* U.S.S.G §§ 3D1.2(c); 2J1.2 cmt. n.3. The district court then applied a one-level increase because the two groups were within eight levels of each other. *See* U.S.S.G. § 3D1.4. We see no error in the district court's grouping analysis.

## C.     Physical Injury

We likewise find no error in the district court's application of § 5K2.2 when granting an upward departure for significant physical injury. U.S.S.G. § 5K2.2 (permitting upward departure for "significant physical injury"). Charles contends that the district court erred by relying on psychological rather than physical injuries. While it is true that the district court mentioned the psychological injuries suffered by the victim's son, the district court clearly based the upward departure on the victim's physical injuries: a broken nose, black eyes, and a torn breast implant. Moreover, while the district court concluded that the injuries were not so serious as to constitute a "major permanent disability" that would have warranted a "substantial departure," U.S.S.G. § 5K2.2, it concluded that the injuries were still "serious," and noted that surgery could be required. The physical injury enhancement was properly applied.

## D.     Sentencing Disparity

Charles argues that his sentence was substantively unreasonable because of an unwarranted sentencing disparity between his sentence and the sentences imposed on his three co-defendants. We are not persuaded. Section 3553(a)(6) permits, but does not require, a district court to consider sentencing disparity among co-defendants. *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Moreover, Charles was not similarly situated to his co-conspirators; in addition to playing a significant role in the

burglaries, he was the only defendant to violently retaliate against a witness, accusing his girlfriend of "ratting" him out, punching and choking her, and threatening to kill her and her nine-year-old son.  Hence, his sentence was substantively reasonable.

\* \* \*

We have considered Christopher's and Charles's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk