19-1871-cr
*United States v. Reynolds*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                          19-1871-cr

            v.

STEVEN REYNOLDS,

                    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Michael D. Gadarian and Rajit S. Dosanjh, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | Lisa A. Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Steven Reynolds ("Defendant") waived indictment and pleaded guilty to a one-count information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 12, 2019, the District Court sentenced Defendant principally to a below-guidelines term of 78 months' imprisonment, to be followed by a three-year term of supervised release. The District Court entered judgment on June 17, 2019, and Defendant filed a timely notice of appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A.**

Defendant argues that the District Court committed procedural error where it "failed to credit [him] with acceptance of responsibility based on conduct that occurred before he pled guilty and erroneously adopted probation's conclusion that his case was not extraordinary." Defendant's Brief at 18. This argument is without merit.

"The sentencing court's evaluation of defendant's acceptance is entitled to great deference, and we will review factual findings for clear error." *United States v. Cox*, 299 F.3d 143, 148 (2d Cir. 2002).

"Under § 3E1.1, sentencing judges may reduce a defendant's offense level if he clearly demonstrates acceptance of responsibility for his offense." *United States v. Savoca*, 596 F.3d 154, 159 (2d Cir. 2010) (internal quotation marks omitted). By merely pleading guilty to an offense, however, the defendant does not ensure the application of the reduction. *Id.*; *see also United States v. Chu*, 714 F.3d 742, 747 (2d Cir. 2013) ("A defendant who enters a guilty plea is not entitled to an adjustment for acceptance of responsibility as a matter of right." (internal quotation marks and brackets omitted) (quoting U.S.S.G. § 3E1.1, cmt. n. 3)).

The District Court applied a two-level enhancement for obstructing justice under U.S.S.G. § 3C1.1. Defendant does not challenge that decision on appeal. "Except in extraordinary cases, the application of an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility to warrant a reduction in his guidelines calculation." *Savoca,* 596 F.3d at 159. The District Court did not believe that the application of the enhancement under § 3C1.1 automatically precluded the application of a reduction under § 3E1.1. Nor, as Defendant contends on appeal, did it "ignor[e] all factors that weighed in favor of the reduction." Defendant's Brief at

2

28. Instead, upon a review of the relevant materials and law, including Probation's finding that the circumstances Defendant presented were not so extraordinary as to warrant a reduction under § 3E1.1, given the valid application of the enhancement under § 3C1.1, the District Court declined to apply the reduction. *See Chu*, 714 F.3d at 747 ("[T]he defendant bears the burden of demonstrating that he qualifies for such a reduction.").

Prior to accepting responsibly for the federal offense, Defendant cut off his ankle monitoring device, absconded from federal supervision, and was returned to custody only after he was arrested for committing a new offense of providing a fake name and birthdate to a police officer. It was at this point that Defendant sought to accept responsibly for his federal offense. We cannot conclude the District Court's decision not to apply a reduction under § 3E1.1 was "without foundation." *United States v. Nouri*, 711 F.3d 129, 146 (2d Cir. 2013). Reynolds argued that he "absconded due to a tragic combination of drug abuse and concern for a person who is extremely close to him who was in danger." App'x. at 62. The District Court did not err in concluding that, despite those explanations, Defendant was not entitled to the acceptance-of-responsibility reduction.

**B.**

Defendant next contends that because his role in the broader scope of allegedly relevant criminal activity was minimal, the District Court committed procedural error in declining to apply a mitigating-role reduction for "minimal participants" under U.S.S.G. §3B1.2(a). This argument is also without merit.

> In determining the appropriate standard of review for a district court's application of the Guidelines to the specific facts of a case, this Court follows an either/or approach, adopting a de novo standard of review when the district court's application determination was primarily legal in nature, and adopting a clear error approach when the determination was primarily factual.

*United States v. Hsu*, 669 F.3d 112, 120 (2d Cir. 2012) (internal quotation marks and brackets omitted).

i.

Pursuant to U.S.S.G. § 3B1.2, a defendant may be entitled to a four-level reduction in his offense level if he was a "minimal" participant "in any criminal activity." A defendant is only eligible for this reduction, however, "[w]hen an offense is committed by more than one participant." U.S.S.G. Ch. 3, Pt. B, intro. cmt. The commentary to U.S.S.G. § 3B1.2 emphasizes the need for more than one "participant," explaining that: "[t]his guideline is not applicable *unless more than one participant was involved in the offense.*" U.S.S.G. § 3B1.2 cmt. n.2 (emphasis added).

A "participant" is defined under the Guidelines as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1;

§ 3B1.2 cmt. n.1. In turn, the term "offense" is defined under the Guidelines as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 cmt. n.1(I). Under § 1B1.3(a), relevant conduct includes, in relevant part:

> (1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were--
>
> (i) within the scope of the jointly undertaken criminal activity,
>
> (ii) in furtherance of that criminal activity, and
>
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a).

"[J]ointly undertaken criminal activity" is defined as a "criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. § 1B1.3 cmt. n.3.

ii.

The offense of conviction here was Defendant's possession of firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The guns underlying this conviction were stolen during a residential burglary, of which Defendant professes he knew nothing. Defendant possessed the guns when he helped the thieves transport the weapons by driving them to a parking lot, where the guns were transferred to another individual before police interceded immediately thereafter. Although Defendant knew it would be unlawful to possesses any firearm, he claims not to have known that they were stolen or that they were apparently being transported for the purposes of a possible sale. He argues now, as at sentencing, that he is eligible for and entitled to a reduction because "[t]he conduct, as a whole, was far more serious than his brief role in it." App'x. at 71.

In pressing this argument, Defendant relies on relevant amendments to the Guidelines made in 2001 and a decision of the Seventh Circuit addressing the application of § 3B1.2 to factual circumstances somewhat similar to those on appeal. *See United States v. Hill*, 563 F.3d 572 (7th Cir. 2009). Like Defendant, the defendant in *Hill* was convicted only under § 922(g)(1). The firearms

4

underlying that conviction were both stolen and sold to a confidential informant by another individual. Hill sought a minor-role reduction before the sentencing court on the basis that his role—briefly wrapping the guns in a blanket, placing them in the purchaser's car, and taking no profits from the sale—rendered him substantially less culpable than the average participant in the broader criminal activity. The district court rejected that argument.

The Seventh Circuit concluded that the sentencing judge committed legal error in reasoning that because Hill "was charged with, convicted of, and sentenced for only his own possession of the firearms, and not the burglary or the sale of those firearms, the court could not credit him for his lesser role in the broader scheme to obtain and distribute the firearms." *Hill*, 563 F.3d at 578. The Court of Appeals found that this view was "precisely the view that the Sentencing Commission has rejected." *Id.* Its conclusion was based on the 2001 Guidelines amendment, which provides, in relevant part:

> A defendant who is accountable under 1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline.

U.S.S.G. § 3B1.2, cmt. n.3(A).

Defendant here argues that the District Court similarly erred by treating the offense *of conviction* as the *only* relevant conduct for the purposes of assessing § 3B1.2-eligibility. As reflected in the sentencing transcript, the District Court appears to have relied on a similar line of reasoning:

> [T]he question would be, you know, minimal role in what? There's no conspiracy charged here. It's a basic charge of possession and firearm. I mean, he either did it or didn't and he stood before me and admitted that he did it. I'm not quite sure that your argument really follows here as far as any sort of minimal role.

App'x. at 70.

Treating as dipositive the question of whether the broader criminal activity was charged as a conspiracy would be error. *See* U.S.S.G. § 1B1.3 cmt. n.3 (defining "jointly undertaken criminal activity" as a "criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy*") (emphasis added). The District Court, however, correctly determined in this case that Defendant was not eligible for the reduction because his offense of conviction and relevant offense conduct did not encompass the broader burglary or sale activity. *See* § 3E1.1 cmt. n.3(C) ("The determination whether to apply [the] adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case."); *see also United States v. Taylor*, 475 F.3d 65, 68–69 (2d Cir. 2007) (declining *de novo* review because "we believe that the district court based its ultimate

5

determination—that [the defendant was not entitled to the guideline reduction]—on factual grounds rather than on the allegedly erroneous" legal conclusion).

Defendant denied that he knew about, participated in, or agreed to the burglary scheme, and denied knowing that the guns were stolen. Def. Br. at 7, 31-32; A:72-73; PSR ¶ 17. The government agreed that the guns were not Defendant's. Based on the facts before the court, it was not clear error to find that the burglary was not part of the "jointly undertaken criminal activity," *i.e.*, part of a criminal "plan" or "scheme" that was "undertaken by the defendant" "in concert with others," U.S.S.G. § 1B1.3(a)(1)(B), and, therefore, the adjustment was inapplicable.

We also find Defendant's reliance on *Hill* unpersuasive. *Hill* is distinguishable, and even supports our conclusion. Although the defendant in that case was not involved in the burglary itself, he knew about the burglary, was aware of the stolen status of the guns, and, most importantly, directly participated with others in two separate sales and transfers of the stolen guns to a confidential informant. *Hill*, 563 F.3d at 573-75. Hill's possession of the stolen guns was part of his "jointly undertaken criminal activity" that involved other participants. Indeed, in noting that "Hill's possession of the guns was one step in a longer sequence of events through which firearms were obtained by burglary and then sold to the [confidential informant]", *Hill*, 563 F.3d at 578, the court expressly distinguished those facts from prior precedent where "the defendant *simply possessed the gun* (alone or perhaps jointly with his girlfriend) *without doing so in furtherance of a broader criminal scheme.*" *Id.*, n. 1 (emphasis added).

## C.

Finally, Defendant argues that District Court erred because the length of his sentence is substantively unreasonable. We find this argument without merit.

In reviewing the substantive reasonableness of a sentence, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Our review of a criminal sentence "amounts to review for abuse of discretion." *Id.* at 187. A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *In re Sims,* 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks omitted)).

The sentence of 78 months' imprisonment, substantially below the Guidelines range of 100 to 125 months, was the product of the District Court's consideration of the statutory sentencing factors—including Defendant's history and characteristics, the seriousness of his offense, and the need to deter and prevent further criminal conduct by him. Although Defendant suggests that the District Court should have placed more weight on the mitigating aspects of his case, the weight to

be given to mitigating and aggravating factors "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006) (alteration and internal quotation marks omitted); *see also Cavera*, 550 F.3d at 191 ("[W]e do not consider what weight we would ourselves have given a particular factor."). We identify no error in this sentence.

## CONCLUSION

We have reviewed all the arguments raised by Defendant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 17, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7