11-727-cr
United States v. Ojemen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:  RALPH K. WINTER,
  REENA RAGGI,
   *Circuit Judges*,
  JED S. RAKOFF,
   *District Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
  *Appellee*,

   v.                                    No. 11-727-cr

GEORGE OJEMEN,
  *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:  Robert J. Boyle, Esq., Brooklyn, New York.

FOR APPELLEE:  Michael D. Lockard, Justin S. Weddle, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Alvin K. Hellerstein, *Judge*).

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 8, 2011, is AFFIRMED.

Defendant George Ojemen, who was convicted after a guilty plea to access device, mail, and bank fraud, see 18 U.S.C. §§ 1029(a)(5), 1341, 1344, as well as multiple counts of identity theft, see id. §§ 1028(a)(7), 1028A, appeals his 65-month term of imprisonment as procedurally unreasonable.[1]  Specifically, Ojemen contends that the district court erred in calculating his Sentencing Guidelines range to include enhancements for abuse of trust or use of a special skill, see U.S.S.G. § 3B1.3, and use of sophisticated means, see id. § 2B1.1(b)(9)(C).  See Gall v. United States, 552 U.S. 38, 51 (2007) (identifying improper calculation of Guidelines range as procedural error); accord United States v. Savoca, 596 F.3d 154, 158 (2d Cir. 2010).  In reviewing the challenged  sentence "under a 'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. at 41), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Abuse of Trust or Use of Special Skill

Because Ojemen's challenge to the U.S.S.G. § 3B1.3 enhancement is predominantly factual, our standard of review is clear error.  See United States v. Gotti, 459 F.3d 296, 349

---

[1] Ojemen committed the crimes of conviction while on supervised release for a 2006 conviction, also in the Southern District of New York, for fraud in connection with and possession of access devices.  See 18 U.S.C. §§ 371, 1028(a)(7), 1029(a)(3).

(2d Cir. 2006); United States v. Thorn, 446 F.3d 378, 388 (2d Cir. 2006). We identify no such clear error here. An abuse of trust enhancement is warranted if a defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3; see United States v. Roberts, 660 F.3d 149, 164 (2d Cir. 2011). A position of trust is one characterized by professional or managerial discretion. See United States v. Cusack, 229 F.3d 344, 349 (2d Cir. 2000). While such discretion must be entrusted to the defendant by a victim, the victim whose trust the defendant abused may be "primary" or "secondary." Id. (citing United States v. Barrett, 178 F.3d 643, 647 (2d Cir. 1999)); accord United States v. Roberts, 660 F.3d at 164.

Here, as in Roberts and Cusack, the district court correctly identified Ojemen's employer, Veritas, as a secondary victim of frauds with other primary victims. See United States v. Roberts, 660 F.3d at 164; United States v. Cusack, 229 F.3d at 349. By misappropriating personal and financial information about his non-profit employer's donors, Ojemen not only abused the trust conferred on him by Veritas, but also cast that non-profit organization in an unfavorable light with possible adverse consequences for its operations. See United States v. Roberts, 660 F.3d at 164–65; United States v. Cusack, 229 F.3d at 349. Thus, application of the enhancement was proper without regard to Ojemen's argument that he possessed no discretionary authority with regard to the primary victims.

We further identify no clear error in the district court's alternative finding that Ojemen used a special skill in a manner that significantly facilitated his commission or concealment of the offenses. See U.S.S.G. § 3B1.3. Application Note Four to U.S.S.G. § 3B1.3 defines

3

"special skill" as "a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." The district court reasonably found that Ojemen, who served as Veritas's controller, possessed a financial sophistication beyond that of the general public, which he used to facilitate his production of the myriad forged and fraudulent financial and tax documents necessary to his criminal scheme. See United States v. Downing, 297 F.3d 52, 65 (2d Cir. 2002) (finding no error in application of special skill enhancement where defendants used accounting training for purpose of producing fraudulent audit reports).

Accordingly, we identify no procedural error in the use of a U.S.S.G § 3B1.3 enhancement to calculate Ojemen's Guidelines range.

2.    Sophisticated Means

We reach the same conclusion with respect to application of a U.S.S.G. § 2B1.1(b)(9)(C) enhancement, even on de novo review "giving due deference to the district court's Guidelines application." United States v. Lewis, 93 F.3d 1075, 1080 (2d Cir. 1996).[2] Application Note Eight to U.S.S.G. § 2B1.1 defines sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." While Ojemen contends that he engaged only in garden variety fraud by

_____

[2] The government urges us to review application of the sophisticated means enhancement only for clear error, see United States v. Gotti, 459 F.3d at 349, and thus, to overrule Lewis's instruction for de novo review. See United States v. Lewis, 93 F.3d at 1079–80. Because we identify no error even under the higher standard, we need not address the matter further.

filling out various forms inaccurately, we have held that even where "each step in [a] scheme was not elaborate," a scheme as a whole may be sophisticated where "all the steps were linked together . . . [to] exploit different vulnerabilities in different systems in a coordinated way." United States v. Jackson, 346 F.3d 22, 25 (2d Cir. 2003), vacated on other grounds sub. nom. Lauersen v. United States, 543 U.S. 1097 (2005). That is this case.

Ojemen's scheme involved, inter alia, the production to various government entities and bank officials of forged paystubs, W-2 forms, and income tax returns, in order to obtain a contract to purchase and a mortgage for low-income housing for which he was not eligible. Ojemen then produced further fraudulent documents to conceal his criminal activities from his supervising probation officer. We easily conclude that this complex web of fraud warranted a U.S.S.G. § 2B1.1(b)(9)(C) enhancement. See United States v. Amico, 416 F.3d 163, 169 (2d Cir. 2005) (affirming application of sophisticated means enhancement under former U.S.S.G. § 2F1.1(b)(6)(C) where defendant employed multi-step process to prevent detection of mortgage fraud scheme).

3. Conclusion

Having identified no merit in Ojemen's procedural challenge to the reasonableness of his 65-month prison sentence, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court