*United States v. MacCallum*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty.

PRESENT:

> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                        No. 18-2160

JAMES A. MACCALLUM,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:           MARIANNE MARIANO, Federal Public Defender's Office for the Western District of New York, Buffalo, NY.

FOR APPELLEE:                        MICHAEL DIGIACOMO, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western

District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 9, 2018, is **AFFIRMED**, and the cause is **REMANDED** for further proceedings consistent with this Order.

James A. MacCallum appeals from a judgment of conviction entered on July 9, 2018, following a jury trial in the United States District Court for the Western District of New York (Wolford, *J.*). MacCallum was convicted of one count of mail fraud, in violation of 18 U.S.C. § 1341, relating to his perpetration of a Ponzi scheme. He was sentenced to 84 months of incarceration, to be followed by three years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm and remand.

1. Sentence of Incarceration

MacCallum first challenges his sentence of incarceration, asserting both procedural and substantive error. In the arena of sentencing, we apply "a particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 n.5, 189 (2d Cir. 2008) (en banc).[1]

A district court errs procedurally when it: (1) "fails to calculate the Guidelines range" under the U.S. Sentencing Guidelines ("USSG" or "Guidelines"); (2) "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory"; (3) "does not consider the [18 U.S.C.] § 3553(a) factors"; (4) "rests its sentence on a clearly erroneous finding of fact"; (5) "fails adequately to explain its chosen sentence"; or (6) deviates from its calculated Guidelines range without explanation. *Id.* at 190. A sentence is substantively unreasonable

---

[1] Unless otherwise noted, this Order omits all alterations, brackets, citations, and internal quotation marks in quoted text.

"only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189; *see also United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law"). And "[a]lthough we do not presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008).

a. *Procedural Reasonableness.* According to MacCallum, his sentence was procedurally unreasonable for three reasons: the District Court (1) erroneously applied the sophisticated means enhancement provided in § 2B1.1(b)(9) of the Guidelines in calculating the Guidelines range;[2] (2) failed adequately to consider the mandate of 18 U.S.C. § 3553(a)(6) that any sentence avoid unwarranted disparities; and (3) based its sentence on an unsupported finding that MacCallum was likely to reoffend. We find none of these arguments persuasive.

The thrust of MacCallum's contention with regard to the sophisticated means enhancement is that his crime was not "especially complex or intricate," but rather was exceedingly "simple" and even "unimpressive." Appellant's Br. 17, 19-22. As we have explained elsewhere, however, sentencing courts properly apply the sophisticated means enhancement in cases that "involved a combination of acts, each of which standing alone was not especially complex, but which constituted sophisticated means when considered as a whole." *United States v. Lewis*, 93 F.3d 1075, 1081 (2d Cir. 1996); *see also United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003) (affirming imposition of sophisticated means enhancement

---

[2] The District Court determined that the 2010 U.S. Sentencing Guidelines apply to MacCallum's offense, a conclusion that neither party challenges. We refer to that version in this Order.

over defendant's objection "that the specific acts of his criminal activity, while admittedly fraudulent, were each individually no more intricate than a game of Three-Card Monte").

Here, the District Court found that MacCallum's scheme: (1) crossed jurisdictions, operating in both the United States and Canada; (2) went undetected for many years; (3) involved the transfer of funds into and among many accounts; and (4) involved the creation and use of fake promissory notes and loan documentation. *See* App'x at 128-29. MacCallum does not attack these factual findings. Our cases compel the conclusion that these facts provide an ample basis for the District Court's discretionary decision to apply the sophisticated means enhancement. *See United States v. Fofanah*, 765 F.3d 141, 143-44, 146-47 (2d Cir. 2014) (per curiam) (affirming application of sophisticated means enhancement where defendant created and used false documents in connection with scheme to sell stolen cars); *United States v. Ojemen*, 465 F. App'x 69, 71-72 (2d Cir. 2012) (affirming application of sophisticated means enhancement where scheme involved "production . . . of forged paystubs, W-2 forms, and income tax returns").

In his next challenge—that the District Court failed adequately to consider the need to avoid unwarranted sentencing disparities—MacCallum points to national statistics relating to sentences for fraud crimes. *See* Appellant's Br. 23-25 ("Nationally, only 42.8% of offenders sentenced under the fraud guidelines received a within guidelines sentence in fiscal year 2017. In the Second Circuit, the number of sentences within the range plummets to 27.5%."). MacCallum fails to acknowledge, however, that "the weight to be given such disparities, like the weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir. 2006). Further, our "concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range." *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009). Having rejected MacCallum's attack on the District Court's use of the sophisticated means enhancement, we conclude that the 84 months' sentence imposed fell within the applicable Guidelines range. Accordingly, where, as here, a sentencing court has "correctly calculated and carefully reviewed the Guidelines range, [it]

4

necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Id.*; *see also id.* at 75-76 (explaining that the "district court was not required to consult [national] statistics" relating to sentencing because "[a]verages of sentences that provide no details underlying the sentences are unreliable to determine unwarranted disparity").

Also resting primarily on national statistics, MacCallum contends that the District Court erroneously found that he was a present danger to reoffend. This contention also fails. Sentencing courts may consider whether, based on statistical analyses, defendants may generally be less likely to reoffend as they age. But courts are not required to favor statistical models over record evidence suggesting that a particular defendant is likely to reoffend, even as he or she ages. *See United States v. Jenkins*, 854 F.3d 181, 192 (2d Cir. 2017) (explaining that "it would be well within a district court's discretion to increase a sentence based on a likelihood of reoffending [if there was] . . . some support in the record for that conclusion"). The District Court thus did not err by basing its sentencing decision on MacCallum's individual characteristics, the nature of the crime, and the evidence adduced at trial, instead of on national recidivism statistics.[3]

b. *Substantive Reasonableness*. MacCallum also asks us to vacate his 84-months' incarceratory sentence as "shocking[ly]" high given the nature of his offense and his personal history and characteristics. Appellant's Br. 32. In light of the District Court's "very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," we decline to do so. *Cavera*, 550 F.3d at 188. While MacCallum may be "a very involved father" and a first-time offender who stands to suffer "significant collateral consequences" as a result of his trial and conviction, App'x at 146, the District Court did not abuse its discretion in concluding that he committed a serious offense that warranted a

---

[3] To the extent that MacCallum takes issue with the District Court's treatment of his personal history and characteristics, we cannot, on this record, hold that the court abused its discretion. *Compare* App'x at 148 (stating court had considered, and rejected, argument that MacCallum did not present a risk to reoffend), *with id.* at 146-48 (finding that when MacCallum was in a difficult position, he resorted to crime instead of "being honest with [his family] and being forthright about it," and engaged in a course of deceitful conduct over a significant period of time).

within-Guidelines sentence. The court reasonably gave significant weight to its observation that MacCallum was "an attorney who had a solemn obligation to abide by the trust that clients and members of the community placed in [him]," and that he instead "manipulated and took advantage" of numerous victims, in violation of that duty. App'x at 146.

MacCallum urges that USSG § 2B1.1, the applicable Guidelines provision here for fraud, is as "fundamentally flawed" as the Guidelines provisions for child pornography offenses and posits that "sentence[s] calculated under this eccentric guideline" will likewise "produce[] an unreasonably high result" more often than not. Appellant's Br. 34-36. As an initial matter, the District Court was aware of MacCallum's position, and nonetheless concluded that "this is not one of those cases." App'x at 148-49. But even assuming this case is a "run-of-the-mill" fraud case, *see United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010), the concerns articulated in *Dorvee* do not arise where the applicable Guidelines range for MacCallum's misconduct (from 70 to 87 months' incarceration) lies well below the statutory maximum for the offense (240 months' incarceration, *see* 18 U.S.C. § 1341). MacCallum's sentence is not substantively unreasonable.

2. Condition of Supervised Release

We turn now to MacCallum's final challenge, which focuses on one of the conditions of supervised release that the District Court imposed and that is in a standard formulation then used in the Western District of New York. This condition, the "Risk Notification Condition," would allow his probation officer to determine, first, whether he posed a risk to another person or organization and, second, if so, whether to require MacCallum to notify that person or organization about the risk presented. *See* App'x at 166. Soon after MacCallum was sentenced, the terms of the Risk Notification Condition were amended by the Western District in a standing order implemented court-wide in that District. *See* U.S. Dist. Ct. for the W.D.N.Y., Amended Standing Order (Mar. 22, 2019), https://www.nywd.uscourts.gov/sites/nywd/files/PTPR-2019-AmendedBolesStandOrd.pdf. MacCallum, like others, maintains that the condition is invalid, even as amended.

We cannot resolve that issue at this time, however, because another panel of our Court is considering parallel challenges lodged in a pending appeal that has priority over MacCallum's case. *United States v. Traficante*, No. 18-1962 (argued Oct. 25, 2019). The *Traficante* panel's decision will likely control the disposition of MacCallum's challenge. In the interest of expedition, we therefore enter judgment affirming the District Court's judgment of conviction of MacCallum's incarceratory sentence, and remand MacCallum's cause to the District Court to enable it to give timely consideration to our forthcoming decision in *Traficante* and, if necessary, to modify the relevant provision of MacCallum's sentence of supervised release accordingly. We further grant the parties leave to reinstate this appeal, by letter from either of them to the Clerk of this Court, to permit timely review of the District Court's decision on remand as to the Risk Notification Condition, should any review be required.

\* \* \*

For the reasons set forth above, the District Court's judgment is **AFFIRMED**, and the cause is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7